# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | William J. Hibbler | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 08 C 1479 | **DATE** | 3/27/08 |
| **CASE TITLE** | U.S. ex rel. Michael Threlkeld v. Terry McCann | | |

**DOCKET ENTRY TEXT:**

The petitioner's motion for leave to proceed *in forma pauperis* [3] is denied. Failure to pay the $5.00 statutory filing fee within thirty days of the date of this order will result in summary dismissal of this case. Petitioner's motion for the appointment of counsel [4] is denied without prejudice. Lisa Madigan is dismissed as a respondent.

■ [For further details see text below.]    *Wm. J. Hibbler*    Docketing to mail notices.

## STATEMENT

Petitioner Michael Threlkeld (K-66117), a state prisoner at Stateville Correctional Center, has filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 and seeks leave to proceed *in forma pauperis*.

Petitioner's motion for leave to proceed *in forma pauperis* reveals that he is not indigent, and the motion is denied. Petitioner's financial affidavit reveals that he has a current balance of $312.22 and an average monthly balance for the six-month period before filing the instant petition of $293.54. Because petitioner is a prisoner for whom the State provides the necessities of life, such assets do not qualify him for pauper status. *See, e.g., Longbehn v. United States*, 169 F.3d 1082, 1083-84 (7th Cir. 1999), citing *Lumbert v. Illinois Department of Corrections*, 827 F.2d 257, 260 (7th Cir. 1987). The petitioner is financially able to pay the $5.00 statutory filing fee for habeas corpus petitions and must do so if he wishes to proceed with this action. He may pay by check or money order made payable to Clerk, United States District Court. If the petitioner does not pay the filing fee within thirty days, the court will dismiss this case without prejudice.

Petitioner's motion for the appointment of counsel is denied without prejudice. Although the court may appoint counsel for an evidentiary hearing and at any time during the proceedings if the interests of justice so require, *see* Rule 8(c), Rules Governing Section 2254 Cases, the appointment of counsel is not warranted at this stage of the proceedings.

On the court's own motion, Illinois Attorney General Lisa Madigan is dismissed as a respondent. *See Hogan v. Hanks*, 97 F.3d 189, 190 (7th Cir. 1996) (a state's attorney general is a proper respondent in a habeas case only if the petitioner is not then confined); *see also* Rules 2(a) and (b) of Rules Governing Section 2254 Cases. In this case, petitioner is not challenging a future sentence, but rather his present confinement. Therefore, the Illinois' Attorney General is not a proper party. The proper respondent is the warden of petitioner's current place of confinement, Stateville Correctional Center. *See Bridges v. Chambers*, 425 F.3d 1048, 1049 (7th Cir. 2005).

isk