IN THE
UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA ex rel. MICHAEL THRELKELD, | ) ) ) | |
| Petitioner, | ) ) | |
| v. | ) ) | No. 08 C 1479 |
| TERRY McCANN, | ) ) | The Honorable William J. Hibbler, |
| Respondent. | ) | Judge Presiding. |

## MOTION TO COMPEL

Pursuant to Rule 7 of the Federal Rules of Civil Procedure, respondent TERRY MCCANN moves that petitioner be compelled to produce a copy of his petition for relief from judgment now pending on appeal so that it can be determined if the instant petition for habeas corpus must be stayed or dismissed as a "mixed petition," and states as follows:

### BACKGROUND

1.  Petitioner Michael Threlkeld identified as prisoner K66117 is in the custody of Terry McCann, Warden of Stateville Correctional Center in Joliet, Illinois.

2.  Following a bench trial in Cook County case No. 00 CR 4537, petitioner was convicted of first degree murder and sentenced to 35 years' imprisonment. (Exh. E at 1).

  3. Petitioner appealed to the Illinois Appellate Court, First District, presenting the following issues:

  a. he was denied a fair trial by the introduction of evidence of his prior bad acts;

  b. the State failed to prove him guilty beyond a reasonable doubt; and

  c. he was denied the effective assistance of counsel because trial counsel failed to call Nikki Whittingham to testify in his defense.

(Exhs. A-E). On September 7, 2004, the state appellate court affirmed petitioner's convictions and sentences. (Exh. E).

  5. Petitioner filed a petition for leave to appeal (PLA) to the Illinois Supreme Court raising the same three issues presented to the appellate court. (Exh. F). On January 26, 2005, the Illinois Supreme Court denied the PLA. (Exh. G).

  6. On July 14, 2005, petitioner mailed a petition filed pursuant to the Illinois Post-Conviction Hearing Act, 725 ILCS 5/122-1, *et seq.*, alleging that he was denied the effective assistance of trial counsel where counsel:

  a. failed to seek a reduced charge of reckless homicide;

  b. encouraged defense witnesses to testify falsely by withholding exculpatory testimony; and

  c. failed to expose perjury committed by the State.

(Exh. H). The trial court summarily dismissed the postconviction petition on August 2, 2005. (Exh. I; Exh. M at 1).

7.      Petitioner appealed, asserting that trial counsel was ineffective for failing to pursue and present evidence to support a conviction on the lesser included offense of reckless homicide based on petitioner's alleged voluntary intoxication. (Exhs. J-M).  On August 20, 2007, the Illinois Appellate Court, First District, affirmed the dismissal of petitioner's postconviction petition.  (Exh. M).

8.      Petitioner filed a PLA raising the same three issues presented to the appellate court, plus a claim that he was denied due process and equal protection because the trial judge failed to submit written findings of fact and conclusions of law as required by 725 ILCS 5/122-2.1(a)(2) when dismissing his postconviction petition.  (Exh. N).  On November 29, 2007, the Illinois Supreme Court denied the PLA.  (Exh. O).

9.      Petitioner reports that, on February 28, 2008, he filed a petition for relief from judgment pursuant to 735 ILCS 5/2-1401 .  (Pet. at 6).[1]  Respondent has been unable to obtain any trial court documents relating this petition for relief from judgment, presumably because the matter is currently on appeal.  Respondent has obtained the Notice of Appeal and Docketing Statement filed in the appellate court indicating that the petition was denied on March 17, 2008, and that an appeal is pending from that denial.  (Exh. P).

---

[1]  Petitioner identified his pleading as a complaint for relief "coram nobis." (Pet. at 6).  But, such common writs have been abolished in Illinois.  *People ex rel. Braver v. Washington*, 724 N.E.2d 68, 70 n.1 (1st Dist. 1999).

    10.    On March 10, 2008, petitioner filed the instant habeas corpus petition with this Court, alleging:

    a.    he was denied a fair trial by the introduction of evidence of his prior bad acts;

    b.    the State failed to prove him guilty beyond a reasonable doubt;

    c.    he was denied the effective assistance of counsel because trial counsel failed to call Nikki Whittingham to testify in his defense.

    d    his trial counsel was ineffective for failing to pursue and present evidence to support a conviction on the lesser included offense of reckless homicide based on petitioner's alleged voluntary intoxication; and

    c.    he was denied due process and equal protection because, when dismissing his postconviction petition, the trial judge failed to submit written findings of fact and conclusions law as required by 725 ILCS 5/122-2.1(a)(2).

(Doc. 1).

    11.    In support of this motion, respondent has manually filed the following state court materials contemporaneously under separate cover:

    Exhibit A:    Petitioner's brief on direct appeal, *People v. Threlkeld*, No. 1-01-2879;

    Exhibit B:    Petitioner's supplemental pro se brief on direct appeal, *People v. Threlkeld*, No. 1-01-2879;

    Exhibit C:    State's brief on direct appeal, *People v. Threlkeld*, No. 1-01-2879;

    Exhibit D:    Petitioner's reply brief on direct appeal, *People v. Threlkeld*, No. 1-01-2879;

Exhibit E:   Ruling of the Illinois Appellate Court in petitioner's direct appeal, *People v. Threlkeld*, No. 1-01-2879, filed 9/7/04 (unpublished order under Illinois Supreme Court Rule 23);

Exhibit F:   Petitioner's PLA on direct appeal, *People v. Threlkeld*, No. 99355;

Exhibit G:   Order of the Illinois Supreme Court denying petitioner's PLA on direct appeal, *People v. Threlkeld*, No. 99355, filed 1/26/05;

Exhibit H:   Petitioner's postconviction petition, *People v. Threlkeld*, No. 00 CR 4537;

Exhibit I:   Order dismissing petitioner's postconviction petition, *People v. Threlkeld*, No. 00 CR 4537;

Exhibit J:   Petitioner's brief on appeal from dismissal of his postconviction petition, *People v. Threlkeld*, No. 1-05-2915;

Exhibit K:   State's brief in petitioner's postconviction appeal, *People v. Threlkeld*, No. 1-05-2915;

Exhibit L:   Petitioner's reply brief in his postconviction appeal, *People v. Threlkeld*, No. 1-05-2915;

Exhibit M:   Ruling of the Illinois Appellate Court in petitioner's direct appeal, *People v. Threlkeld*, No. 1-05-2915, filed 8/20/07 (unpublished order under Illinois Supreme Court Rule 23);

Exhibit N:   Petitioner's PLA in his postconviction appeal, *People v. Threlkeld*, No. 105378;

Exhibit O:   Order of the Illinois Supreme Court denying petitioner's PLA on direct appeal, *People v. Threlkeld*, No. 105378, filed 11/29/07; and

Exhibit P:   Notice of Appeal and Docketing Statement in petitioner's appeal from the denial of his petition for relief from judgment, *People v. Threlkeld*, No. 1-08-0961.

## ARGUMENT

In order to validly present a claim to this Court for habeas review, a petitioner must exhaust all of his state court remedies. *Baldwin v. Reese*, 541 U.S. 27, 29 (2004). A federal court cannot address the merits of constitutional claims brought in a petition for habeas corpus relief unless the state courts have had a full and fair opportunity to review those claims. *Moore v. Parke*, 148 F.3d 705, 708 (7th Cir. 1998). Before addressing a petition on the merits, a federal habeas court must inquire both whether a petitioner has exhausted all available state remedies and raised all his claims during the course of the state proceedings. If the petitioner has failed to meet either of these requirements, the court is barred from reaching the merits of the habeas claims. *Moore*, 148 F.3d at 708. A claim is exhausted when it has been presented to the highest state court for a ruling on the merits or when no state remedies remain available to the petitioner. *Id.*

Further, in order to preserve a claim for federal habeas review, a petitioner must raise the same claim in the state courts. *Bocian v. Godinez*, 101 F.3d 465, 468-69 (7th Cir. 1996) (citing *Picard v. Connor*, 404 U.S. 270, 275 (1971)); *Rodriguez v. Peters*, 63 F.3d 546, 555 (7th Cir. 1995). Specifically, whether the claim is raised on direct appeal or in a collateral action, a state prisoner must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appeals process. *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999); *White v. Godinez*, 192 F.3d 607, 608 (7th Cir. 1999). That is, to

provide the state courts with the necessary opportunity to address his claims, a prisoner must fairly present those claims to each appropriate state court. *Baldwin*, 541 U.S. at 29; *Perruquet v. Briley*, 390 F.3d 505, 513-14 (7th Cir. 2004). Petitioner has exhausted his state remedies with regard to his first four claims because he presented them to the state courts for one complete round of review during his direct or postconviction appeal. (Exhs. A-O).

However, petitioner's Claim Five (alleging a due process and equal protection violation based on the postconviction trial court's alleged failure to satisfy the requirements of the Illinois Post-Conviction Hearing Act) is unexhausted. Petitioner raised this claim for the first time in his post-conviction PLA. (Exh. N at 3, 10-13). But, there is no indication that he presented it to either the trial court in a motion to reconsider, and he did not present the issue to the appellate court during his postconviction appeal. (Exhs. J-M). Thus, the claim is unexhausted and, absent further state proceedings raising the claim and depending upon how the state court were to treat the claim, it is defaulted. It is possible that petitioner raised this claim in the petition for relief from judgment that is currently on appeal. (Exh. P). If the claim was included in that petition, and is included on appeal, the instant habeas petition is a mixed petition that includes both exhausted and unexhausted claims.[2]

---

[2] Respondent maintains that petitioner's Claim Five is not cognizable because it involves a question of state statutory procedure. However, petitioner has phrased his claim as a constitutional one by invoking the principles of due process and equal protection.

The United States Supreme Court has held that federal courts may not adjudicate mixed petitions. *Rhines v. Weber*, 544 U.S. 269, 273-74, (2005) (citing *Rose v. Lundy*, 455 U.S. 509, 518-19 (1982)). In such circumstances, the district court may stay a mixed petition while the petitioner exhausts his claim in state court — if the petitioner shows good cause for his failure to exhaust — or dismiss the petition. *Rhines*, 544 U.S. at 277-79. Here, there is no indication of whether petitioner's unexhausted issue is currently before the state appellate court or whether petitioner has good cause for not earlier presenting the claim for one complete round of state court review. As discussed, respondent has been unsuccessful in his attempts to obtain a copy of petitioner's 2-1401 petition. This court should compel petitioner to produce a copy of that petition.

## CONCLUSION

For the reasons stated above, this Court should compel petitioner to produce a copy of his 2-1401 petition. Respondent also requests that this Court stay proceedings on the instant petition pending that disclosure.

July 18, 2008                                      Respectfully submitted,

                                                   LISA MADIGAN
                                                   Illinois Attorney General

                                By:   s/ Jay Paul Hoffmann
                                      JAY PAUL HOFFMANN, Bar #6204296
                                      Assistant Attorney General
                                      100 West Randolph Street, 12th Floor
                                      Chicago, Illinois 60601-3218
                                      PHONE: (312) 814-3421
                                      FAX: (312) 814-2253
                                      E-MAIL: jhoffmann@atg.state.il.us

## **CERTIFICATE OF SERVICE**

  I hereby certify that on July 18, 2008, I electronically filed Respondent's **Motion To Compel** and accompanying **Notice Of Motion** with the Clerk of the United States District Court for the Northern District of Illinois, Eastern Division using the CM/ECF system and on the same date mailed copies of these documents via the United States Postal Service to the following non-CM/ECF user:

  Michael Threlkeld, No. K66117
  Stateville Correction Center
  Route 53
  P.O. Box 112
  Joliet, IL 60434

          By: s/ Jay Paul Hoffmann
             JAY PAUL HOFFMANN, Bar #6204296
             Assistant Attorney General
             100 West Randolph Street, 12th Floor
             Chicago, Illinois 60601-3218
             PHONE: (312) 814-3421
             FAX: (312) 814-2253
             E-MAIL: jhoffmann@atg.state.il.us